UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

United States of America,

          Plaintiff

 v.

Michael Joseph Kasper,

          Defendant

Case No. 2:22-cr-00009-CDS-BNW-1

**Order Granting Plaintiff's Motion for Leave to File Under Seal**

[ECF No. 33]

      Defendant Michael Kasper moves for leave to file under seal his motion to compel the United States to provide adequate medical care. ECF No. 33. He is a pretrial detainee requesting a specific course of medical treatment that the government has denied him. Because Kasper's motion to compel is styled as an ex parte motion containing personally identifying information—as well as his medical history—I grant his motion for leave to file it under seal. But I order Kasper to demonstrate (1) why the motion to compel must proceed ex parte and (2) why this case is the proper vehicle to adjudicate the motion to compel.

      "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). There is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1955); *see also Valley Broad. Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and

of significant public events"). Accordingly, a "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

"Under this stringent standard, a court may seal records only when it finds 'a compelling reason' and articulate[s] the factual basis for its ruling, without relying upon hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). "The court must then conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (internal quotations omitted). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon*, 435 U.S. at 599).

Kasper requests permission to file under seal both the motion itself and the exhibits to the motion. ECF No. 33 at 2. He lists personally identifying medical information in the motion (*id.* at 3–4), as well as in the exhibits (*id.* at 15–102). Specifically, Kasper describes his medical condition that necessitates the motion to compel treatment and his prior treatment history, and he appends a declaration and medical report from a physician corroborating that information. *See generally id.*

I find that Kasper has articulated compelling reasons under the *Kamakana* standard to file his motion to compel under seal. Other courts in this circuit have similarly found that previously undisclosed medical information containing personal identifiers constitutes a compelling reason to seal. *See, e.g., Gary v. Unum Life Ins. Co. of Am.*, 2018 WL 1811470, at *3 (D. Or. Apr. 17, 2018) (after surveying a variety of other courts in this district, the court concludes that it "is not aware of[] any cases where medical information was not allowed to be filed under seal under the 'compelling reasons' standard"); *Raymond v. County of Kauai*, 2019 WL 11234194, at *2 (D. Haw. Mar. 1, 2019) (permitting undisclosed medical information to be filed under seal); *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011) (patient's "confidential medical information outweigh[ed] any necessity for disclosure");

2

*Lombardi v. TriWest Healthcare All. Corp.*, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009).

That said, "ex parte motions are rarely justified." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). "An ex parte motion should never be submitted by itself. It must always be accompanied by a separate proposed motion for the ultimate relief the party is seeking." *Id.* The first part should address "why the regular noticed motion procedures must be bypassed. The second part consists of papers identical to those that would be filed to initiate a regular noticed motion." *Id.* The propriety of an ex parte motion has been described as follows:

> "To be clear, to establish that use of the *ex parte* procedure is justified, the party must demonstrate at least one of the following situations is applicable: (1) there is a threat of immediate or irreparable injury/prejudice if the underlying motion is heard according to regular noticed motion procedures; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (*i.e.*, to file an overlong brief or shorten the time within which a motion may be brought)."

*Beard v. County of Stanislaus*, 2022 WL 12073987, at *4 (E.D. Cal. Oct. 20, 2022) (citing *Moore v. Chase, Inc.*, 2015 WL 4636750, at *2 (E.D. Cal. Aug. 3, 2015)). The local rules of this district require an ex parte motion to "articulate the rule that permits ex parte filing and explain why it is filed on an ex parte basis." LR IA 7-2(b). Kasper has not demonstrated, either in his initial motion to seal or in his proposed motion to compel, why the latter motion must be brought without notice to the government. Kasper must simultaneously file his motion to compel with either (a) a statement explaining why it should be adjudicated ex parte or (b) service of the motion on the government.

Furthermore, it is unclear whether this case is the proper vehicle for Kasper's motion to compel medical care. While "[i]t is well settled that pretrial detainees have a right to receive adequate medical care," *Gilbert v. County of Los Angeles*, 2022 WL 18110848, at *10 (C.D. Cal. Nov. 29, 2022) (citing *Gordon v. County of Orange*, 888 F.3d 1118, 1122–25 (9th Cir. 2018)), actions to enforce that right are typically brought under 28 U.S.C. § 1983. *See, e.g., Gilbert*, 2022 WL 18110848, at *10–12 (collecting cases wherein pretrial detainees sue government entities for

breaching the duty to provide medical care). As a result, I instruct Kasper to address why he brings the motion to compel as part of this case.

  IT IS HEREBY ORDERED that defendant Michael Kasper's motion for leave to file under seal **[ECF No. 33] is GRANTED**. The Clerk of Court is instructed to MAINTAIN THE SEAL on Kasper's motion, ECF No. 33.

  IT IS FURTHER ORDERED that Kasper may file his motion to compel under seal but in accordance with the instructions in this order.

  DATED: February 13, 2023

_____
Cristina D. Silva
United States District Judge